IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**DAKOTA PROCTOR,**

    **Plaintiff,**

v.                                              Case No. 2:18-cv-00954

**SOUTH CENTRAL REGIONAL JAIL,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

On May 22, 2017, the undersigned entered an Order to Show Cause in a prior case filed by the plaintiff, Case No. 2:16-cv-07732, ordering the plaintiff, who had been released from custody at the South Central Regional Jail ("SCRJ"), to respond in writing to the court, by June 5, 2017, to show cause why this matter should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to the failure to prosecute. The Order to Show Cause was mailed to the SCRJ because the court had no other contact information for the plaintiff. The plaintiff failed to respond by the ordered deadline.

However, before the undersigned took any further action to recommend dismissal of this matter, the plaintiff filed two additional civil actions in this court: the instant

action, Case No. 2:18-cv-00954, and Case No. 2:18-cv-00475.  The Complaints filed in these matters indicated that the plaintiff was again incarcerated at the SCRJ.  Thus, the undersigned scheduled a status conference to address all three matters.  But, in the process of preparing the Order setting the status conference, the undersigned's staff determined that the plaintiff has again been released from custody at the SCRJ.

Using the inmate locator systems available for the West Virginia Division of Corrections and Rehabilitation (which includes the Regional Jails), and the Federal Bureau of Prisons, the plaintiff does not appear to be in the custody of any of those correctional agencies and he has not provided the court with current contact information in accordance with Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia.  Nonetheless, the plaintiff did provide an alternative street address of 3596 Springfield Drive, Charleston, WV 25306 in the Complaint filed in Case No. 2:18-cv-00475.  Consequently, the undersigned directed the Clerk to mail the Order setting the status conference to that address.

The status conference in these matters was conducted on November 8, 2017 at 10:00 a.m.  However, the plaintiff failed to appear.  The undersigned waited until 10:20 a.m. to call the hearing to order and directed the court security officer to call the plaintiff's name three times outside the courtroom.  The plaintiff still failed to appear.  Thus, these matters are not in posture to proceed.

Accordingly, the undersigned issued another Order to Show Cause directing the plaintiff to respond in writing to the court by November 23, 2018 to show cause why all of his civil actions should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The plaintiff was further notified that the failure to comply with the undersigned's Order would result in the undersigned's recommendation to the presiding

District Judge that all three civil actions be dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The plaintiff failed to respond in writing, as ordered, and has failed to communicate in any way with the court. Thus, this court is unable to move this matter forward. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff; and dismissal appears to be the only appropriate sanction. However, because the defendants were never served with process, a dismissal without prejudice may be less drastic.

## RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and **DENY AS MOOT** his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at 3596 Springfield Drive, Charleston, WV 25306.

November 27, 2018

Dwane L. Tinsley
United States Magistrate Judge

5